UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF NEW YORK

_____

DONALD GUNTHER

                Plaintiff,

        -against-

NEW YORK STATE PAROLE OFFICER LUTHER TUTT,
NEW YORK STATE PAROLE OFFICER DALTON BOLDEN,
NEW YORK STATE PAROLE OFFICER MARGARET WALLACE,
NEW YORK STATE PAROLE OFFICER TANYA JOHNSON,
NEW YORK STATE PAROLE OFFICER CANDACE BENJAMIN,
NEW YORK STATE PAROLE OFFICER ALESCIA SANDERS,
NEW YORK CITY POLICE OFFICER MICHAEL DESETTO,
NEW YORK CITY EMT KERRY CARLOCK, and
NEW YORK CITY EMT DENNIS FRANKIE,

                Defendants.

_____

**AMENDED COMPLAINT**

15-CV-5668
(JBW) (RLM)

Plaintiff, DONALD GUNTHER, by and through his attorneys, **CHARLES A. ROSS & ASSOCIATES,** as and for his Amended Complaint, respectfully alleges, upon information and belief:

## PRELIMINARY STATEMENT

1.      Plaintiff brings this action for compensatory damages, punitive damages and attorney's fees pursuant to 42 U.S.C. § 1983 and 42 U.S.C. § 1988 for violations of his civil rights as said rights are secured by said statutes and the Constitutions of the State of New York and the United States of America.

## JURISDICTION

2.      This action is brought pursuant to 42 U.S.C. § 1983 and 42 U.S.C. § 1988 and the Fourth and Fourteenth Amendments to the United States Constitution.

3.      Jurisdiction is founded upon U.S.C. §§ 1331, 1343, and 1367.

## VENUE

4.      Venue is properly laid in the Eastern District of New York under U.S.C. §

1391(b), in that this is the District in which the claim arose.

## JURY DEMAND

5.      Plaintiff respectfully demands a trial by jury o all issues in this matter pursuant to

Fed. R. Civ. P. 38 (b).

## PARTIES

6.      Plaintiff, DONALD GUNTHER, is, and has been, at all relevant times, a resident

of the City and State of New York.

7.      At all times hereinafter mentioned, the individually named defendant parole

officers, police officers, and emergency medical technicians were acting under the supervision of

their respective departments and according to their official duties.

8.      At all times hereinafter mentioned, the defendants were acting under color of state

law and/or in compliance with official rules, regulations, laws, statutes, customs, usages of the

State and/or City of New York.

9.      Each and all of the acts of the defendants alleged herein were done by said

defendants while acting within the scope of their employment by the City of New York or the

State of New York.

**FACTS**

10.     On or about August 7, 2015, at approximately 4:00 p.m., plaintiff DONALD GUNTHER, was lawfully present inside of a clothing store at 89-36 165th Street in Queens County in the State of New York.

11.     At that time, the individually named defendant parole officers approached plaintiff and slammed him to the ground face-first.

12.     Plaintiff did not present a flight risk and did not present a threat to the physical well-being of any person or property.

13.     Defendant parole officers' use of force was unprovoked and unnecessary to bring plaintiff into custody.

14.     Defendant parole officers then commenced to punch and kick plaintiff numerous times about the head, face, and body.

15.     Plaintiff did not present a threat of physical harm to any of the defendants or any other individual through the duration of the beating inflicted by the defendants.

16.     Plaintiff did not place any person or property in danger or offer defendants any legally recognized justification for the above described beating.

17.     Defendant parole officers caused, *inter alia*, a separated fracture to plaintiff's right mandible.

18.     Plaintiff was thereafter transferred to the 103rd precinct, maintained and controlled by the New York City Police Department.

19.     Plaintiff was thereafter arraigned in Criminal Court and transferred to Riker's Island Correctional Facility, which is maintained and controlled by the New York City Department of Corrections.

20.     Despite plaintiff's complaints and clear need for medical treatment, the defendant parole officers, police officers, and emergency medical technicians did not take reasonable steps to procure such treatment until August 9, 2015.

21.     All of the aforementioned acts of defendants, their agents, servants, and employees were carried out under the color of state law.

22.     All of the aforementioned acts deprived plaintiff, DONALD GUNTHER, of the rights, privileges and immunities guaranteed to citizens of the United States by the Fourth and Fourteenth Amendments to the Constitution of the United States of America, and were therefore in violation of 42 U.S.C. § 1983.

23.     The acts complained of were carried out by the aforementioned individual defendants in their capacities as officers with all the actual and/or apparent authority attendant thereto.

24.     The acts complained of were carried out by the aforementioned individual defendants in their capacities as officers, pursuant to the customs, usages, practices, procedures, and ruls of their respective departments, all under the supervision of ranking officers of said departments.

25.     Defendants, collectively and individually, while acting under color of state law, engaged in conduct which constituted a custom, usage, practice, procedure or rule of the respective municipality/authority, which is forbidden by the Constitution of the United States.

## FIRST CLAIM FOR RELIEF
### AGAINST THE PAROLE OFFICER DEFENDANTS
### FOR EXCESSIVE FORCE UNDER 42 U.S.C. § 1983

26.     Plaintiff, DONALD GUNTHER, repeats, reiterates, and realleges each and every allegation set forth above with the same force and effect as if fully set forth herein.

27.     The force employed by the individually named Parole Officer defendants was

unreasonable given the facts and circumstances prevailing at the time and place of the above

described incident.

28.     As a result of the foregoing, plaintiff, DONALD GUNTHER, suffered physical

injuries, mental anguish, shock, fright, apprehension, embarrassment, humiliation, and

deprivation of his constitutional rights.

### SECOND CLAIM FOR RELIEF
### AGAINST ALL NAMED DEFENDANTS
### FOR DELIBERATE INDIFFERENCE TO MEDICAL NEEDS UNDER 42 U.S.C. § 1983

29.     Plaintiff, DONALD GUNTHER, repeats, reiterates, and realleges each and every

allegation set forth above with the same force and effect as if fully set forth herein.

30.     All named defendants failed to provide plaintiff with timely medical attention

despite their knowledge that he was suffering from a serious medical condition.

31.     Defendants' actions constituted an unnecessary and wanton infliction of pain

repugnant to the conscience of mankind.

32.     As a result of the foregoing, plaintiff, DONALD GUNTHER, suffered physical

injuries, severe physical pain, mental anguish, shock, fright, apprehension, embarrassment,

humiliation, and deprivation of his constitutional rights.

### THIRD CLAIM FOR RELIEF
### AGAINST ALL NAMED DEFENDANTS
### FOR FAILURE TO INTERCEDE UNDER 42 U.S.C. § 1983

33.     Plaintiff, DONALD GUNTHER, repeats, reiterates, and realleges each and every

allegation set forth above with the same force and effect as if fully set forth herein.

34.     All named defendants failed to intercede to prevent or mitigate the injuries

suffered by plaintiff as described above.

35.     Defendnat officers were presented with a realistic opportunity to prevent and/or mitigate the constitutional violations suffered by plaintiff as described above.

36.     As a result of the foregoing, plaintiff, DONALD GUNTHER, suffered physical injuries, mental anguish, shock, fright, apprehension, embarrassment, humiliation, and deprivation of his constitutional rights.

**WHEREFORE**, the plaintiff respectfully requests judgment against defendants as follows:

i.      an order awarding compensatory damages in an amount to be determined at trial;

ii.     an order awarding punitive damages in an amount to be determined at trial;

iii.    reasonable attorneys' fees and costs under 42 U.S.C. § 1988; and

iv.     directing such other and further relief as the Court may deem just and proper, together with attorneys' fees, interest, costs and disbursements of this action.

Dated: New York, New York
       June 13, 2016

                                          Respectfully submitted,

                                          CHARLES ROSS & ASSOCIATES
                                          *Counsel for the Plaintiff*

                            By:     MATTHEW SHROYER (MS-6041)
                                    111 Broadway, Suite 1401
                                    New York, NY 10006
                                    (212) 616-3045